IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

  v.    :    Case No. 2:05-cr-0261

Robert Earl Wilson, II,    :    JUDGE HOLSCHUH

    Defendant.    :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for an arraignment and detention hearing on July 19, 2006.  Following the hearing, he was ordered detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted on December 20, 2005 and charged with the possession of a firearm by a convicted felon.  According to the indictment, the defendant was convicted of felonious assault with a firearm specification in the Franklin County Court of Common Pleas on November 26, 1997, and thereafter, on October 1, 2004, possessed a nine millimeter pistol, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).  The government's request for detention is judged by the following standard.

    Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to

determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The Court did not believe that there was evidence of a risk

of flight in this case. However, the Pretrial Services Report, which was accepted by both parties as being factual, sets forth other factors which persuaded the Court that this defendant poses a danger to the community.

The primary indicator of the defendant's dangerousness is his criminal record. As noted, in 1997 he was found guilty of felonious assault with a firearm specification. He was sentenced to four years in jail plus an additional year for the specification and released on September 15, 2002. He was placed on post-release control for four years. That supervisory status was revoked on two different occasions, once in December of 2003 and again in January of 2005. While on post-release control, the defendant incurred numerous additional convictions, including disobeying a police order for which he received additional probation, felony possession of drugs and felony assault, for which he received twelve months imprisonment, and felony trafficking in drugs, for which he received eleven months of jail time. He was arrested on numerous other charges while on post-release control but most of them were dismissed. Additionally, the indictment provides probable cause to believe that he committed this weapons offense while on post-release control.

As a result of his convictions and revocations of post-release control, the defendant has spent little time in the community in the last ten years. When he has been in the community, he has not worked. He also has a history of drug use, and his criminal history involves weapons offenses. The acquisition and possession of a firearm by someone with this defendant's criminal record, while on post-control release for a crime of violence involving a firearm, is persuasive on the issue of whether he presents a danger to the community. There are no conditions of release which would safeguard the community against that danger. As a result, the Court ordered the defendant

detained pending further proceedings.

    The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


                                       /s/ Terence P. Kemp
                                       United States Magistrate Judge